**John MACCARONE, Plaintiff-Appellee,**

v.

**A/S INGER, Defendant-Appellant.**

**No. 50, Docket 25125.**

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1958.

Decided Jan. 6, 1959.

Robert Klonsky, Brooklyn, N. Y. (DiCostanzo & Klonsky, Brooklyn, N. Y., on the brief), for plaintiff-appellee.

Allan A. Baillie, New York City (Nelson, Healy, Baillie & Burke, and O. Taft Nelson and Robert M. Atkinson, New York City, on the brief), for defendant-appellant.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

The defendant urges three grounds for reversal: (1) the judge's refusal to charge upon the plaintiff's alleged contributory negligence; (2) a lack of proof of causal relationship between an overriding turn of the up-and-down cable on its drum and the accident; and (3) a failure to charge the jury that the plaintiff was being compensated under New York Workmen's Compensation Law, § 1 et seq., and would have to re-

imburse his stevedore-employer in case of recovery.

 The trial judge might properly have thought that the defense of contributory negligence had been abandoned on trial. But that aside, that defense, for lack of substantial evidence, was properly overruled and withheld from the jury. On the issue of proximate cause, examination of the record discloses substantial evidence that the sudden inward movement of the draft was caused by an override in the up-and-down cable. The question was one properly submitted to the jury. Finally, we hold, the plaintiff's rights under the New York Workmen's Compensation Law were irrelevant to a determination of his damages.

Affirmed.